IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRYAN LEDFORD,<br><br>    Plaintiff,<br><br>v.<br><br>ANSON J. ARMSTEAD; CERES TRANSPORT, LLC, Individually and d/b/a ANDRE'S DELIVERY, LLC; PROTECTIVE INSURANCE COMPANY; PENSKE TRUCK LEASING CORPORATION; and ANDRE'S DELIVERY, LLC.<br><br>    Defendants. | CASE NO. CV420-259 |

## O R D E R

Before the Court is Defendant Protective Insurance Company's Notice of Removal. (Doc. 1.) The Court finds the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties. Accordingly, Defendant Protective Insurance Company is **DIRECTED** to file within fourteen days from the date of this order an amended notice of removal that lists the citizenships of Defendant Ceres Transport, LLC's ("Ceres") members and Defendant Andre's Delivery, LLC's ("Andre's") members.

On May 20, 2020, Plaintiff Bryan Ledford filed this case in the Superior Court of Bryan County. (Doc. 1, Attach. 1 at 1.) On October 21, 2020, Defendant Protective Insurance Company ("Protective Insurance") removed the case to this Court pursuant to 28 U.S.C. §

1441. (Doc. 1.) "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, (11th Cir. 2001)).

Here, Defendant Protective Insurance, the removing party, has failed to adequately allege the citizenships of Defendant Ceres and Defendant Andre's. The notice of removal merely states that "Defendant Ceres is incorporated in the State of Massachusetts with its principal place of business located in Albany, New York" and that "Defendant Andre's is incorporated in the State of Idaho with its principal place of business located in Caldwell, Idaho". (Doc. 1 at ¶¶ 7,10) While state of incorporation and principal place of business establish citizenship for corporations, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of an LLC is a Georgia citizen is insufficient for a defendant to carry its burden of establishing complete diversity

2

between the parties. Ray v. Bird & Son Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

Defendant Protective Insurance contends removal is proper because this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 3.) Defendant's notice of removal does not include a list of the individual members, along with their citizenships, of Defendant Ceres or Defendant Andre's. As a result, the information in Defendant Protective Insurance's notice of removal is insufficient to establish complete diversity. Accordingly, the Court **DIRECTS** Defendant Protective Insurance to file an amended notice of removal within **fourteen days** from the date of this order listing all members of Defendant Ceres and Defendant Andre's and their citizenships.[2] Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction. All other deadlines in this case will remain unchanged.

SO ORDERED this 29th day of October 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.